IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
AUG 2 9 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA )
)
v. ) Criminal Action No. 3:98CR101–HEH
) Civil Action No. 3:13CV162–HEH
SANTRA LAVONNE RUCKER, )
)
Petitioner. )

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion and
Denying Motions for Recusal)

By Memorandum Opinion and Order entered on April 5, 2010, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner (ECF Nos. 410, 411). The Court subsequently received Petitioner's "MEMORANDUM OF OPPOSITION WITH SHOW CAUSE ORDER" ("Petitioner's Memorandum" (ECF No. 452)) on November 30, 2012. The Court also received from Petitioner documents titled, "AFFIDAVIT OF DISQUALIFICATION OF HENRY E. HUDSON UNITED STATES DISTRICT JUDGE" ("Motions for Recusal" (ECF Nos. 454, 457)). Petitioner's Memorandum is a successive, unauthorized 28 U.S.C. § 2255 motion and the Petitioner's Motions for Recusal will be denied.

The Court harbors no bias against Petitioner nor does she demonstrate any circumstances where the impartiality of the undersigned might be reasonably questioned. *See* 28 U.S.C. § 455.[1]

---

[1] The statute provides, in relevant part

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . .; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a

---

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Petitioner's Memorandum continues to challenge Petitioner's underlying conviction and falls squarely within the ambit of 28 U.S.C. § 2255(a).[2] Therefore, Petitioner's Memorandum (ECF No. 452) must be treated as a successive § 2255 motion. Because the Court has not received authorization from the Fourth Circuit to file the motion, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Petitioner fails to satisfy this standard, a certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: Aug. 29 2013
UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

[2] For example, Petitioner suggests this Court lacked subject matter jurisdiction and recent Supreme Court decisions demonstrate that she is innocent. (Pet'r's Mem. 2–3.)

3